THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CALDWELL-GARVAN AND BERTINI, INC., Defendant, Impleaded with CONTINENTAL CASUALTY COMPANY, Appellant.*

Third Department, March 25, 1938.

* Revg. 161 Misc. 864.

*McCormick & Eckel* [*Andrew Eckel* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Hugh Reilly* of counsel], for the respondent.

RHODES, J.   The action is brought to recover from the appellant-surety the excess cost sustained by plaintiff by reason of the failure of a contractor to complete its contract, the appellant being the surety on the bond of such contractor.   By the terms of this bond appellant in case of default by the contractor agreed that it would complete the work if requested so to do by plaintiff; such request was made but the appellant declined to perform and thereupon the contract was relet to another contractor, the State claiming that it sustained damage of $6,042.16, being the excess cost over and above the amount specified in the original contract.

The defense which has been stricken out alleges in substance that when bids were received for the reletting of the contract, the Graves-Quinn Corporation, one of the contractors which had submitted bids for the completion of the work, was the lowest bidder according to its sealed bid filed as required; that thereafter and prior to the opening of the sealed bids the Graves-Quinn Corporation offered in writing to reduce its bid by the sum of $1,500; that this offer was refused and the contract was let to the said corporation for the amount $1,500 in excess of the amount for which it was willing to perform the contract.   This action was later commenced. Appellant contends that it was the duty of the plaintiff as against the surety to minimize the damages of the surety and that plaintiff should have accepted the offer of the contractor for the relet contract to reduce the amount of its contract price.

It is argued that by section 14 of the Public Buildings Law all bids are required to be in writing and no bid may be withdrawn or canceled until after the contract shall have been awarded. Giving to the statute full force it apparently does not reach a situation such as presented by the defense in question. The Graves-Quinn Corporation being the lowest bidder, there apparently was no law to prevent said contractor in the absence of fraud from agreeing to do the work for less than its stipulated bid. No one would have been injured thereby and the damages of appellant would have been minimized, in accordance with recognized principles. Our decision simply tests the sufficiency of a defense. The rights of the parties should not be finally determined by the bare recitals of pleadings, but should rest on facts produced at a trial.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

HILL, P. J., CRAPSER and BLISS, JJ., concur; McNAMEE, J., dissents, with a memorandum.

McNAMEE, J. (dissenting). Paragraph IX should be stricken out. The State was not at liberty to consider a telegram changing the amount of the sealed bids after the time for receiving bids had passed. Accordingly the State was required to and did reject the illegal offer to change the bid, and refused to consider the telegram received from the bidder offering to reduce the amount of its bid. This having been done, the telegram and the offer to alter the sum bid were of no effect. The answer does not allege the renewal of the offer to reduce the bid after the bids had been opened. If so, an equitable defense might have been presented. Under the pleading as it stands, the allegation is no defense.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.